The controversy herein arises from the claim of the board of education of the borough of Glassboro that the borough of Glassboro, who owns and operates through its water department the water plant which supplies the citizens of that borough with water, is obliged to supply the school buildings of the school district with water without charge.
Heretofore the borough has been supplying the board of education with water for its several schools at its regular rates. The board of education now contends that it is entitled to free water and refuses further payments. In consequence the borough has shut off the supply pursuant to its rules.
The bill alleges that under the provisions of the Tax act of 1903 the board of education is exempt from water charges and discloses that the schools cannot longer be operated unless the water supply is resumed. Restraint against the borough's longer refusing to supply water is sought.
Temporary restraint has been allowed with an order to show cause, and at its return defendants stand on the averments of the bill.
The provisions of the Tax act referred to by the bill as exempting the school property from water rates is the tax exemption in subdivision 4 of section 3 of the Tax act, (4 Comp.Stat. p. 5079). For reasons hereinafter stated I think it unnecessary to here determine whether the charge against the school property for water properly can be classed as a tax within the meaning of that section. But it can at least be said that the claim of exemption rests upon too much doubt to justify injunctive relief wholly based upon its existence. A more impressive view appears to be that in furnishing water a municipality acts in its capacity as a private corporation and not in the exercise of its power of local sovereignty and that its water rates are to be regarded as commodity charges based upon contract express or implied.
Assuming, however, for present purposes that the school property is not by law exempt from water rates, I think it yet clear that restraint should go against shutting off the *Page 40 
supply until it may be determined by a court of law whether such exemption exists.
There can be no doubt of the right of a water company to shut off supply of delinquent patrons or even require advance payments covering reasonable periods. That right is an incident to corporations of that nature and obtains independently of legislative sanction. See cases collected in MillvilleImprovement Co. v. Millville Water Co., 92 N.J. Eq. 480. The right is based upon the necessities of the situation; the public duty exists to supply water to all who demand it; that duty could not be performed without adequate protection against losses. In this state our statute sanctions the right. 2 Cum. Supp. Comp.Stat. p. 2300. But the right, wholly based on reason and necessity, must be exercised with reason and within the field of the necessity on which it is based, and neither reason nor necessity can be said to exist to justify shutting off water from the public schools by reason of a brief default in payment, especially when it is well known that the refusal to pay is because of a claim of exemption. If the borough is entitled by law to charge for the water a mandamus to enforce the duty of payment cannot fail and no losses need be encountered. The vast public interests involved in the maintenance of the schools wholly overshadows the suggestion of brief delinquency. Until the disputed right is settled the schools should be supplied with water as a matter of duty based upon public necessity. The claim of right of the schools to free water is purely a legal question and I have refrained from passing upon that claim of right because unnecessary to support the restraint sought. The restraint contained in the order to show cause will be retained until the right to charge is established at law. The privilege may have existed on the part of the board of education to test bymandamus the exemptive right which it claims; but the prime necessity of the present situation demands the present and continuous supply of water to the schools. *Page 41